JOHN H. COVER, JR.,

     Plaintiff,

     v.

OSF HEALTHCARE SYSTEMS,

     Defendant.

No. 18 C 50114

Judge Thomas M. Durkin

## MEMORANDUM OPINION AND ORDER

The Court dismissed John Cover's pro se employment discrimination complaint as untimely based on the date of the charge he filed with the EEOC. *See* R. 23. Cover moved to reconsider, arguing that the intake questionnaire he filed with the EEOC prior to filing his charge served as timely notice of his claims. *See* R. 25. The Court ordered supplemental briefing on this issue, because the Supreme Court's decision in *Federal Express Corporation v. Holowecki*, 552 U.S. 389 (2008), plausibly supports Cover's argument. *See* R. 26.

In his supplemental brief, Cover argued that a "brief" he attached to his EEOC intake questionnaire satisfied the *Holowecki* standard. *See* R. 33. The Court noted that Cover had neglected to file that "brief" with the Court and ordered him to do so. *See* R. 34. The Court then asked the parties to address whether the brief Cover attached to his EEOC intake questionnaire satisfied the *Holowecki* standard. *See* R. 36. Cover and defendant OSF filed briefs on the *Holowecki* issue, and OSF, in the alternative, reasserted its argument that Cover failed to state a claim pursuant to

Federal Rule of Civil Procedure 12(b)(6), which it had made in its original motion to dismiss, *see* R. 37. For the following reasons, Cover's motion to reconsider is denied in part and granted in part.

## A.     Timeliness

According to *Holowecki*, an intake questionnaire can suffice as a "charge" if it can be "reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." 552 U.S. at 402; *see also E.E.O.C. v. Watkins Motor Lines, Inc.*, 553 F.3d 593, 597-98 (7th Cir. 2009) ("We know from [*Holowecki*], that a document may be a 'charge' even if it lacks an appropriate caption and charging language. A piece of paper that alleges discrimination and asks the agency to take remedial action suffices."). The regulation that informed the *Holowecki* decision requires a "charge" to include a "clear concise statement of the facts . . . constituting the alleged unlawful employment practices." 29 C.F.R. § 1626.8(a)(3).

The "brief" Cover attached to his intake questionnaire relates the events, dates, and individuals involved in what Cover alleges to be discriminatory conduct by defendant OSF. OSF argues that "no discrimination, harassment, or retaliation is alleged" in the brief. R. 37 at 6. But that is a legal argument regarding whether Cover has stated a claim, which is not relevant to determining whether his complaint is timely. *Holowecki* does not require a plaintiff to state a plausible claim of discrimination in his charge or intake questionnaire. Rather, *Holowecki* holds that a plaintiff's discrimination claim in federal court is timely as long as he timely gave

administrative notice of the factual circumstances he believed to violate the law, whether presented in the EEOC charge itself, or in documents filed with the intake questionnaire. Cover did that, so his complaint is timely.

OSF also argues that the Court should deny Cover's motion for reconsideration because he fails to meet the high standards of review under Federal Rules of Civil Procedure 59(e) or 60(b). But the Court's initial order dismissing the case as untimely, *see* R. 23, was based on an error of law that satisfies Rule 59. In that order, the Court held that the complaint was untimely because the date of Cover's EEOC charge was more than 300 days after OSF's allegedly discriminatory actions. This was an error of law because *Holowecki* permits other earlier-filed documents—i.e., the EEOC intake forms—to satisfy the deadline. Further, timeliness is an affirmative defense Cover is not required to plead. Cover's failure to raise *Holowecki* in his initial opposition to the motion to dismiss is forgiven in light of his pro se status.

## B. Plausibility

OSF has also moved to dismiss Cover's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

### 1.   Sex

Cover claims OSF: (1) discriminated against him based on his age and sex; and (2) retaliated against him. As an initial matter, any claim of sex discrimination is dismissed because Cover did not first present such a claim to the EEOC. Neither Cover's EEOC charge nor his EEOC intake questionnaire indicated a claim of sex discrimination, whether by checking the box for sex discrimination, or by describing conduct related to his sex. Since Cover didn't raise a claim of sex discrimination with the EEOC, he can't "raise it for the first time in federal court." *See Hamzah v. Woodman's Food Mkt., Inc.*, 693 Fed. App'x 455, 458 (7th Cir. 2017) ("In that charge, Hamzah marked the check-boxes for discrimination on the basis of race, retaliation, and age, but not sex. In the narrative section of the charge, he did not include any

factual allegations related to his sexual orientation."). Cover's sex discrimination claim is dismissed for that reason.

## 2. Age

To state a claim of age discrimination, Cover must simply allege that he suffered an adverse employment action because of his age. *See Samovsky v. Nordstrom, Inc.*, 619 Fed. App'x 547, 548 (7th Cir. 2015) (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)); *see also Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("In order to prevent dismissal under Rule 12(b)(6), a complaint alleging sex discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex."). In his complaint, Cover describes a series of unpleasant experiences he had at work. He alleges that he "was subjected to ridicule, [foul] language, name calling, etc. by the supervisor." R. 1 at 5. He says that after he reported his supervisor's conduct to "management," he was "subjected to more intense, harassing treatment including discipline for his alleged work performance and other subjective things." *Id.* at 6. Cover alleges that he was subjected to unwarranted "write-ups" related to his performance, which prevented him from transferring to another department. *Id.* at 6-8. Cover eventually resigned rather than continue to work in this environment. *Id.* at 9-10.

Whether or not Cover's allegations rise to the level of a hostile work environment, he never alleges that he suffered this alleged discrimination because of his age. *See McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783, 789 (7th Cir. 2019)

("The ADEA prohibits an employer from refusing to hire a person who is 40 or older *because of* his age.") (emphasis added); *see also McDaniel v. Progress Rail Locomotive, Inc.*, 940 F.3d 360, 367 (7th Cir. 2019) ("[I]t's not enough to show that age was a motivating factor. The plaintiff must prove that, but for his age, the adverse action would not have occurred."). Cover never even mentions his age in his complaint. Further, there is nothing about Cover's allegations that would allow the Court to plausibly infer that his age caused the allegedly hostile actions. Indeed, Cover alleges that his experience was simply one example of "serious personnel problems" that exist generally in his department at OSF. *See* R. 1 at 10. This indicates that Cover's personal characteristics—including his age—were not the cause of the actions taken against him. Rather, he alleges they were the product of generally bad working relationships at OSF.

### 3. Retaliation

Cover alleges that the hostility towards him became worse after he complained about it. This allegation contains the germ of a retaliation claim in that Cover alleges that he suffered adverse actions because he complained about hostile conduct in his work place. But a claim for retaliation under the ADEA (or any similar federal civil rights statute) requires that the conduct complained of be illegal under the statute. *See* 29 U.S.C. § 623(d). As discussed, Cover has not plausibility alleged that the alleged harassment he suffered was due to his age, which is necessary for the harassment to be prohibited by the ADEA. Thus, Cover's retaliation claim is also dismissed.

## Conclusion

Therefore, the Court finds: (1) that Cover's complaint is timely; but (2) that it fails to state a claim. Because it fails to state a claim, Cover's complaint is dismissed, and his motion to reconsider is denied to that extent. However, Cover should be given an opportunity to amend his complaint in light of this Order. To that extent, Cover's motion for reconsideration is granted in that the judgment entered against him, R. 24, is vacated, and instead the complaint is dismissed without prejudice. This means that Cover has leave to file an amended complaint if he can make truthful allegations plausibly demonstrating that he suffered harassment or other adverse employment actions *because of* his age. If Cover wants to file an amended complaint, he must do so by February 10, 2020. If Cover fails to file an amended complaint by that date, his case will be dismissed with prejudice, and final judgment will be entered against him on his claims.

ENTERED:

_Thomas M. Durkin_
Honorable Thomas M. Durkin
United States District Judge

Dated: January 9, 2020