UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| JOHN H. COVER, JR., | |
| Plaintiff, | No. 18 C 50114 |
| v. | Judge Thomas M. Durkin |
| OSF HEALTHCARE SYSTEMS, | |
| Defendant. | |

MEMORANDUM OPINION AND ORDER

John Cover alleges that his former employer, OSF Healthcare Systems, discriminated against him based on his age in violation of the Age Discrimination in Employment Act by subjecting him to a hostile work environment. The Court dismissed Cover's initial complaint without prejudice, and Cover, who is proceeding pro se, filed an amended complaint. OSF has moved to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 45. That motion is denied.

**Legal Standard**

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-

harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

**Background**

Cover is a man in his mid-sixties. He took a job with OSF in September 2014. R. 1 ¶ 13. He alleges that his supervisor, a younger woman, treated him very poorly during his time at OSF. *Id.*; R. 40 at 10-11. Specifically, he claims that his supervisor habitually subjected him to verbal abuse throughout his employment at OSF, calling him "stupid, a Moran [sic], brainless, dumb as a rock, idiot" and other insults, some of which referenced his age or implied that he lacked intelligence due to his age. R. 40 at 7; R. 52 at 9.

Beginning in August 2015, Cover solicited the assistance of OSF's upper management and human resources department to correct the alleged harassment. R. 1 ¶ 13. Among other things, he requested a transfer to a different department to get

2

away from his supervisor and her insults. *Id.* OSF never granted Cover's requests. *Id.* Instead, OSF issued Cover a series of disciplinary reprimands. R. 40 at 8. At OSF, a reprimand blocks any transfer request, so Cover was unable to transfer away from his supervisor. *Id.* Therefore, Cover continued to work in an environment where he alleges he endured continued verbal abuse. *Id.*; R. 1 ¶ 13. Rather than continue in a job he was unhappy with, Cover resigned on February 13, 2017. R. 1 ¶ 13.

## Analysis

### I. The Pleadings

OSF argues that Cover relies on allegations he made in his initial complaint but which he omitted from his amended complaint. OSF also complains that Cover did not attach to his amended complaint documents he filed with the EEOC and attached to his initial complaint. OSF points to the missing allegations in support of its argument that Cover's claims are not plausible. OSF also re-raises its argument that Cover has failed to allege that he administratively exhausted his claims (which the Court previously rejected), based on the fact that Cover did not attach his EEOC filings to his amended complaint.

It is true that the Seventh Circuit has held that "facts or admissions from an earlier complaint that are not included in a later complaint cannot be considered on a motion to dismiss." *Scott v. Chunak & Tecson, P.C.*, 725 F.3d 772, 783 (2013) (citing *Pirant v. U.S. Postal Serv.*, 542 F.3d 202, 207 (7th Cir. 2008). But that holding was made to explain why a defendant would not be held to an admission it recanted in an amended answer. *See Pirant*, 542 F.3d at 207. The holding also serves to limit the

3

claims in the case to those in the most recent complaint. *See Scott*, 725 F.3d at 783 ("where the original complaint and an amended complaint contain contradictory or mutually exclusive claims, only the claims in the amended complaint are considered; the contradicted claims in the original complaint are knocked out.").

But this rule does not limit the universe of facts a plaintiff may cite in opposition to a motion to dismiss. Rather, "a party opposing a Rule 12(b)(6) motion may submit materials outside the pleadings to illustrate the facts the party expects to be able to prove." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) (a plaintiff "may elaborate on his factual allegations so long as the new elaborations are consistent with the pleadings"). Consideration of the facts and documents in question is all the more appropriate because Cover is proceeding pro se and his pleadings should be "liberally construed." *See Erickson v. Pardus*, 551 U.S. 89, 94 ("[a] document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *see also Beal v. Beller*, 847 F.3d 897, 902 (7th Cir. 2017). Moreover, the facts which OSF would have the Court disregard are simply the dates of Cover's employment, which cannot reasonably be disputed. Similarly, OSF makes no argument that the EEOC documents at issue are inauthentic. Therefore, the Court may consider facts previously alleged and documents previously filed in this case to the extent Cover relies on them to oppose OSF's motion.

## II. Plausibility

In an age discrimination case, the plaintiff need only allege that he suffered an adverse employment action because of his age. *See Samovsky v. Nordstrom, Inc.*, 619 Fed. App'x 547, 548 (7th Cir. 2015) (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)); *see also Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("In order to prevent dismissal under Rule 12(b)(6), a complaint alleging sex discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex."). The complaint must mention the type of discrimination alleged, who perpetrated the alleged discrimination, and about when the alleged discrimination occurred. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010). "Specific facts are not necessary." *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Instead, the plaintiff need only provide enough detail "to present a story that holds together." *Swanson,* 614 F.3d at 404.

Cover, who was 63 years old when he filed his complaint, alleges that he was subject to verbal abuse from a younger supervisor who implied that he was mentally deficient due to his age. He adequately alleges the type of discrimination (age), who was responsible for the discrimination (OSF, via Cover's supervisor), and implies when it occurred (while he was working under that supervisor). These facts, taken as true, create a plausible claim for relief that should be tested in discovery.

OSF argues that Cover does not provide enough detail, namely that he does not specify the timing of the alleged harassment or the identity of his supervisor. *See* R 47 at 8. As discussed, Cover alleges the relevant dates in his initial complaint. It is

5

true that Cover does not allege his supervisor's name. But OSF, as Cover's former employer, should have this information. In any event, Cover should confirm the supervisor's name immediately upon commencement of discovery.

OSF also argues that Cover's allegations are deficient because he has not alleged similarly situated employees who did not suffer adverse employment actions. *See* R. 47 at 9. But such facts do not need to be alleged to state a claim. Rather, similarly situated individuals can be a method of proof on summary judgment. *See Geinosky v. City of Chicago*, 675 F.3d 743, 748 n.3 (7th Cir. 2012) ("Even in a case where a plaintiff would need to identify a similarly situated person to prove his case . . . we see no basis for requiring the plaintiff to identify the person *in the complaint*.") (emphasis in original).

OSF further asserts that Cover does not plausibly allege causation, i.e., that any harassment occurred due to his age. *See Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009) ("the plaintiff retains the burden of persuasion to establish that age was the 'but-for' cause of the employer's adverse action"). But Cover alleges that his supervisor referenced his age in the course of mocking him and speaking to him in a derogatory manner. *See* R 40 at 7. The Court can plausibly infer causation from this allegation. Whether Cover's age was the but-for cause of the alleged harassment can only be determined through discovery. Of course, OSF will have the opportunity to argue that the facts do not show causation on summary judgment.

6

**III.     Hostile Work Environment**

To state a hostile work environment claim, the plaintiff must allege that: (1) he was subjected to harassment; (2) the harassment was based on a protected characteristic (in this case age); (3) the harassment altered the terms and conditions of employment; and (4) there is a basis for employer liability. *See Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 834 (7th Cir. 2015). OSF argues that Cover's allegations do not rise to the level of a hostile work environment. Cover alleges that his supervisor frequently harassed him while he worked at OSF. He alleges that his supervisor called him "stupid, a Moran (*sic*), brainless, dumb as a rock, idiot, etc." and that this verbal abuse occurred on "a continued basis." R. 40 at 7. He also alleges that some of his supervisor's offensive language was age-related. *Id.* at 3. These allegations plausibly describe a hostile work environment at this point in the proceedings, such that OSF's motion must be denied. *See Huri*, 804 F.3d at 834 (denying defendant's motion to dismiss because it was plausible that social shunning, criticism of non-Christians, and uniquely unfavorable treatment created a hostile work environment for a Muslim woman). Discovery is necessary to determine whether Cover's allegations are true. After discovery, OSF will have the opportunity on summary judgment to show that the treatment Cover experienced did not rise to the level of a hostile work environment under federal law.

**IV.     Retaliation**

It is unlawful under the ADEA to retaliate against an employee because he took action against age discrimination committed by the employer. *See* 29 U.S.C §

7

623(d). To state a claim for retaliation, a plaintiff must allege that he engaged in "protected activity" by opposing unlawful age discrimination and that he suffered an adverse employment action because he did so. *See Luevana v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1029 (7th Cir. 2013). In the retaliation context, an adverse employment action is any action taken by the employer that could dissuade a reasonable employee from making or supporting a charge of discrimination. *See Burlington N. and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006). There must be a causal connection between the protected activity and the adverse employment action. *See Castro v. DeVry Univ., Inc.*, 786 F.3d 559, 564 (7th Cir. 2015).

The Court has found that Cover has plausibly alleged that he suffered unlawful age discrimination when his supervisor verbally abused him, plausibly creating a hostile work environment. He alleges that he reported the hostile work environment to OSF's management, thus engaging in protected activity. Furthermore, Cover alleges that OSF not only ignored his formal complaints, but it actively prevented him from leaving the hostile work environment by denying his request for transfer to another department. *See* R. 40 at 8. He claims that OSF issued him "written reprimand after written reprimand" purely because a "reprimand would block any transfer." *Id.* Cover alleges that this was a calculated effort to "demean and harass [him] into resigning." *Id.* The prospect of being prevented from transferring and harassed into resigning could plausibly dissuade a reasonable employee from speaking out against workplace discrimination. OSF will have the opportunity on summary judgment to argue that Cover cannot prove his allegations.

OSF claims that Cover did not allege any adverse employment action because written reprimands do not constitute adverse employment actions. *See* R. 47 at 11 (citing *Lucas v. Chi. Transit Auth.*, 367 F.3d 714, 731 (7th Cir. 2004)). But Cover does not claim that the reprimands were adverse employment actions. Rather, he claims that the reprimands were a tool to prevent him from transferring, thereby forcing him to remain in a hostile work environment in the hopes that he would resign. *See* R. 40 at 8. By alleging that OSF continued to subject him to a hostile work environment because he complained about the hostile work environment, Cover plausibly alleges an adverse action in retaliation for his complaints. Whether the facts are sufficient for Cover to ultimately prove his retaliation claim will be addressed on summary judgment.

## Conclusion

Therefore, OSF's motion to dismiss, R. 45, is denied. Cover must tell OSF the name of the supervisor referenced in his complaint by July 21, 2020. The parties should file a joint status report with Magistrate Judge Johnston by August 11, 2020 proposing a discovery schedule.

ENTERED:

*Thomas M Durkin*
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: July 14, 2020