UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| John H. Cover, Jr., <br><br> Plaintiff, <br><br> v. <br><br> OSF Healthcare System, <br><br> Defendant. | Case No. 3:18-cv-50114 <br><br> Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

Plaintiff John Cover brought this suit against Defendant OSF Healthcare System ("OSF"), alleging discrimination on the basis of his age under the Age Discrimination in Employment Act of 1967 (ADEA). The Court granted summary judgment in favor of OSF. Mr. Cover now moves for reconsideration. For the following reasons, the Court denies Mr. Cover's motion.

**I.  Legal Standard**

The Court analyzes Mr. Cover's motion for reconsideration as a motion to alter or amend a judgment. Under Federal Rule of Civil Procedure 59(e), a motion to alter or amend a judgment requires "newly discovered evidence" or "evidence in the record that clearly establishes a manifest error of law or fact." *Burritt v. Ditlefsen*, 807 F.3d 239, 252-53 (7th Cir. 2015). A Rule 59(e) motion does not, however, "allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Bordelon v. Chi. Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000) (quoting *Moro v. Shell Oil*

1

*Co.*, 91 F.3d 872, 876 (7th Cir. 1996)). "A 'manifest error' occurs when the district court commits a 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Burritt*, 807 F.3d at 253 (quoting *Oto v. Metro. Life Ins.*, 224 F.3d 601, 606 (7th Cir. 2000)). A Rule 59(e) motion "is an extraordinary remedy that is granted sparingly." *Richmond v. Shalala*, No. 87 C 3495, 1995 U.S. Dist. LEXIS 11384, at *2 (N.D. Ill. Aug. 9, 1995), *aff'd sub nom. Richmond v. Chater*, 94 F.3d 263 (7th Cir. 1996).

## II. Analysis

Mr. Cover presented no "newly discovered evidence" in his motion. Largely rehashing arguments that he presented in his response at summary judgment, he argues that the Court was biased against him and misapplied the law. The Court finds that none of these amount to a manifest error of law or fact.

### A. Bias

"Bias must be proven by compelling evidence, and it must be grounded in some form of personal animus that the judge harbors against the litigant." *United States v. Barr*, 960 F.3d 906, 920 (7th Cir. 2020). Judicial rulings alone are rarely sufficient—"judicial remarks during a proceeding that are 'critical or disapproving of, or even hostile to, counsel, the parties, or their cases' do not ordinarily establish bias, unless the judge's remarks reveal that the frustration originates from an extrajudicial source." *Id.*

Mr. Cover presents only evidence from the undersigned's judicial actions as proof of bias. First, he points to "questionable statements" about his character in the Court's decision denying OSF's motion to enforce a settlement agreement (and

2

finding that Mr. Cover properly revoked his agreement), which he says contained "questionable statements about [Mr. Cover's] character." Dkt. 160 at 1, 3. Second, Mr. Cover asserts that in the prefiling conference before summary judgment, the Court "directed" the conversation to OSF in stating that OSF would move for summary judgment and should send Mr. Cover the documents required by Local Rule 56.1. Dkt. 160 at 1. Neither assertion shows an "extrajudicial source" of bias, and so this is not a reason to amend the summary judgment order. Indeed, ordering OSF to provide Mr. Cover with the necessary documents benefits Mr. Cover.

### B. Seventh Amendment

Mr. Cover renews his argument from his summary judgment response that he is entitled to a jury trial under the Seventh Amendment because he properly filed a complaint. Dkt. 160 at 2. The Court explained in its order that summary judgment, properly applied, does not violate the Seventh Amendment right to a jury trial. Dkt. 157 at 3. Courts have long held that summary judgment does not violate the Seventh Amendment. *E.g.*, *Koski v. Standex Int'l Corp.*, 307 F.3d 672, 676 (7th Cir. 2002) ("[T]his argument . . . flies in the face of firmly established law."); *Burks v. Wis. Dep't of Trans.*, 464 F.3d 744, 759 (7th Cir. 2006); *Hanners v. Trent*, 674 F.3d 683, 691 n.12 (7th Cir. 2012); *see also* 11 James Wm. Moore et al., *Moore's Federal Practice – Civil* § 56.06 (3d ed. 2023). The Court correctly applied the law to Mr. Cover's Seventh Amendment argument.

### C. Title VII

Mr. Cover next argues that the Court erred in finding that Mr. Cover failed to put OSF on notice for violating his Title VII rights. Dkt. 160 at 3, 9-10. This

3

misstates the Court's finding in its summary judgment decision, which was that there was no live Title VII claim. Dkt. 157 at 20. That claim was dismissed after the first motion to dismiss in this case. Dkt. 39 at 4-5. Based on Mr. Cover's amended complaint, Dkt. 40, the operative complaint for the Court's summary judgment order, Mr. Cover had no Title VII claim. There is no misapplication of law when the claim doesn't exist.

### D. Pleading Standard

As he did in his summary judgment response, Mr. Cover cites several cases that decided Rule 12(b)(6) motions (some of which predate *Twombly* and *Iqbal*). Many of these concern Title VII, which (as discussed above) is not a live claim in this case. To the extent these cases are offered as support for Mr. Cover's ADEA claim, the standard for a Rule 12(b) motion is irrelevant to a Rule 56 motion. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990). The Court explained this in its summary judgment order when laying out the standard for summary judgment. *See* Dkt. 157 at 3-4. The Court correctly applied the standard for summary judgment in evaluating whether summary judgment was appropriate.

### E. Hostile Work Environment

In arguing that the Court failed to recognize the alleged hostile work environment, Mr. Cover provides an excerpt from the Equal Employment Opportunity Commission (EEOC) website. The EEOC website is not binding law. Instead, the Court relied on binding decisions from the Seventh Circuit and the Supreme Court (and some persuasive case law) in analyzing whether the factual record would permit a reasonable jury to find in Mr. Cover's favor. In addition, the

4

EEOC website excerpt does not contradict case law on what constitutes a hostile work environment—noting, for example, that "[p]etty slights, annoyances, and isolated incidents (unless extremely serious) will not rise to the level of illegality," Dkt. 160 at 5—so it does not support Mr. Cover's argument that the Court grossly misapplied the law.

Mr. Cover also implies that he need not submit proof that his claim was related to his age. *See* Dkt. 160 at 6. However, to survive a motion for summary judgment, Mr. Cover is required to show that there was a genuine dispute of material fact. Fed. R. Civ. P. 56(a). Without any factual proof that the alleged harassment was related to Mr. Cover's age, there cannot be any factual dispute. Nor is there any law that supports Mr. Cover's position. Even the cases he cites (that aren't evaluating Rule 12 motions) indicate that an employee must prove that the work environment "was both subjectively and *objectively* offensive." *Cerros v. Steel Techs., Inc.*, 288 F.3d 1040, 1045 (7th Cir. 2002) (emphasis added).

### F. Other Cases Against OSF

Finally, Mr. Cover provides a list of cases filed against OSF to show that OSF has a pattern of ignoring complaints. *See* Dkt. 160 at 9.[1] Evidence considered at summary judgment must be admissible under the Federal Rules of Evidence, at least in content. *Winskunas v. Birnbaum*, 23 F.3d 1264, 1267-68 (7th Cir. 1994). Evidence of other wrongdoing is generally not admissible "to prove a person's character in order to show that on a particular occasion the person acted in

---

[1] The last case in this list is this very case. *See id.*

5

accordance with the character." Fed. R. Evid. 404(b)(1). In addition, the mere existence of a lawsuit is not proof of wrongdoing. *See Stockett v. Muncie Ind. Transit Sys.*, 221 F.3d 997, 1001 (7th Cir. 2000). Mr. Cover cannot use the existence of these prior lawsuits against OSF as evidence that OSF ignored his complaints, and so this does not show any "manifest error" of fact by the Court.

### III. Conclusion

For the reasons above, the Court denies Mr. Cover's motion for reconsideration under Federal Rule of Civil Procedure 59(e).

Date: November 2, 2023

_____
Honorable Iain D. Johnston
United States District Judge